IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| CRAIG & KIMBERLY THURSTON, | ) | |
| | ) | CASE NO. BK04-42317-TLS |
| Debtor(s). | ) | A06-4055-TLS |
| CRAIG THURSTON; KENT OELKERS; | ) | |
| and INTERSTATE STRUCTURES, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | CH. 11 |
| | ) | |
| vs. | ) | |
| | ) | |
| HERITAGE BANK and NEBRASKA | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Hearing was held in Lincoln, Nebraska, on December 19, 2007, on Heritage Bank's motion to dismiss the adversary proceeding's first cause of action (Fil. #57) and resistance by the plaintiffs (Fil. #61). Marion Pruss appeared for the plaintiffs, Kent Rauert appeared for Heritage Bank, James Woodruff appeared for the Nebraska Department of Revenue, and Jerry Jensen appeared for the United States Trustee.

Defendant Heritage Bank has moved to dismiss the plaintiffs' first cause of action, which alleges preferential transfers, because it was filed outside the limitations period set forth in 11 U.S.C. § 546(a)(1)(A).[1] The Thurstons' bankruptcy petition was filed on June 25, 2004. This adversary complaint was filed on June 27, 2006. For purposes of computing the expiration of § 546's two-year statute of limitation, the count begins on the day following the filing of the bankruptcy petition and

---

[1]Section 546(a) states:
    (a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of —
        (1) the later of —
            (A) 2 years after the entry of the order for relief; or
            (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
        (2) the time the case is closed or dismissed.

ends on the anniversary of the petition filing date. *See Myers v. Raynor (In re Raynor)*, Ch. 7 Case No. BK04-83112, Adv. No. A06-8105 (Bankr. D. Neb. Jan. 26, 2007).

Heritage Bank is correct. This adversary complaint was filed after the allowed time period for commencing preference actions had passed. Contrary to Debtor's assertions, Heritage Bank did not waive the statute of limitations defense. In fact, the bank sought and received permission from this Court to amend its answer to include the defense.

IT IS ORDERED: Heritage Bank's motion to dismiss the adversary proceeding's first cause of action (Fil. #57) is granted.

DATED: January 22, 2008.

BY THE COURT:

/s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
 Marion Pruss
 James Woodruff
 *Kent Rauert
 U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.