IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK04-42317-TLS |
| | ) | |
| CRAIG THURSTON and, | ) | CH. 7 |
| KIMBERLY THURSTON, | ) | |
| | ) | |
| Debtors. | ) | |
| INTERSTATE STRUCTURES, INC., | ) | ADV. NO. A06-4055-TLS |
| KENT OELKERS, and CRAIG THURSTON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HERITAGE BANK and NEBRASKA | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter was presented to the Court on a Motion to Dismiss filed by Defendant Heritage Bank (Fil. #86), and a Response filed by Plaintiffs (Fil. #97). Kent Rauert appeared for Defendant Heritage Bank, and Marion Pruss appeared for Plaintiffs.

Defendant Heritage Bank has moved to dismiss Plaintiffs' Second Amended Complaint (Fil. #82), which contains three causes of action. The first cause of action alleges preferences; the second cause of action seeks equitable subordination of Heritage Bank's claim; and the third and final cause of action seeks subordination with respect to certain funds.

This Court has previously ruled with respect to the first cause of action. *See* Filings #33, #34, #44, and #79. Accordingly, the preference claims in Plaintiffs' first cause of action have already been dismissed. Plaintiffs admit in their response to the pending motion to dismiss that they are not seeking to "readdress matters previously ruled on by the Court."

That leaves only the second and third subordination causes of action to address at this time. The only assertion in Defendant Heritage Bank's pending motion to dismiss with respect to the second and third causes of action is as follows: "That Plaintiff's second and third causes of action for Equitable Subordination and Subordination fail to state a claim upon which relief can be granted." Unfortunately, Heritage Bank fails to provide this Court with any legal or factual explanation as to why it believes such causes of action fail to state a claim. Absent such supporting information, this Court will not speculate as to the basis for Heritage Bank's motion.

On a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Bankruptcy Procedure 7012(b) and Federal Rule of Civil Procedure 12(b)(6), the factual allegations in the complaint are accepted as true, *McAuley v. Federal Ins. Co.*, 500 F.3d 784, 787 (8th Cir. 2007), and the motion will succeed or fail on the face of the complaint. *Id.* (quoting *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992)). The plaintiff need not provide specific facts in support of the allegations, but a viable complaint must include sufficient factual information to establish a claim to relief that is plausible on its face and must show that a right to relief is more than speculative. *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1964-65 (2007); *Schaaf v. Residential Funding Corp.*, 517 F.3d 544 (8th Cir. 2008); *Jones v. Casey's Gen. Stores*, ___ F. Supp. 2d ___, 2008 WL 731960, at *5 (S.D. Iowa Mar. 20, 2008).

IT IS, THEREFORE, ORDERED that the Motion to Dismiss (Fil. #86) is denied, and Defendant Heritage Bank shall have until April 11, 2008, to file an answer to Plaintiffs' Second Amended Complaint.

DATED: March 27, 2008.

BY THE COURT:

/s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
    *Kent Rauert
    Marion Pruss
    John Wolf
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.